IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,719-01




EX PARTE STEVEN CRAIG DUNCAN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. A-06-5246-CR(HC1) IN THE 36TH DISTRICT COURT
FROM ARANSAS COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in Aransas County
of assaulting a public servant (cause no. A-06-5246-CR) and sentenced to eight years’ imprisonment.
He was also convicted of burglary of a habitation in San Patricio County (cause no. S-05-3292-1-CR) and sentenced to eight years’ imprisonment. There were no direct appeals.
            Applicant states that he was released to parole on both sentences and that both paroles were
later revoked. According to Applicant, both paroles were revoked due to his being charged with a
new offense, unauthorized use of a motor vehicle, in Tyler County (cause no. 11,930), but he states
he was acquitted by a jury of that offense. Applicant also states that he waived a preliminary
revocation hearing in each of his paroles while the new UUMV charge was pending, but he states
his paroles were later revoked without any hearings even though he did not waive or did not
knowingly waive his right to have final parole revocation hearings in each case. Minimum due
process requires notice and an opportunity to be heard before a “neutral and detached” hearing body,
such as a traditional parole board, and the reasons for revocation. See Morrissey v. Brewer, 408 U.S.
471 (1972). There is no information in the writ record from the Texas Board of Pardons and Paroles.
            Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact.
            The trial court shall order the Parole Board to file an affidavit responding to Applicant’s
claims by indicating whether Applicant was given written notice of the alleged violations of both
paroles and whether he was given the opportunity for revocation hearings in both paroles. The Board
shall also indicate whether Applicant was informed of the reasons for revocation in both paroles. In
addition to obtaining the affidavit, the trial court may order depositions, interrogatories or a hearing. 
In the appropriate case, the trial court may also rely on its personal recollection. Id. If the trial court
elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent
and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. The trial court shall make any findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
 
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: February 12, 2014
Do not publish